IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHRISTOPHER MILES,**

    Petitioner,

v.                                                            Case No. 4:23cv524-MW/MAF

**JOHN POLISKNOWSKI, et al.,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

On or about September 21, 2023, Christopher Miles, while a patient at the Florida State Hospital, filed a petition for writ of habeas corpus citing Florida state statutes and styled for the Circuit Court of the Second Judicial Circuit, Leon County, Florida, case number 2021-CF-3421. ECF No. 1. The Clerk's Office opened the case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, after direction from this Court, ECF No. 4, Petitioner Miles submitted an amended § 2254 petition, ECF No. 5.

On May 24, 2024, Respondent filed a response and motion to dismiss the petition. ECF No. 26. Respondent also filed exhibits, including two exhibits filed under seal. *See* ECF Nos. 26, 28, 30. Petitioner Miles has not filed a reply, although given the opportunity to do so. *See* ECF No. 25.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

On December 28, 2021, Petitioner Miles was arrested by a Leon County Sheriff and charged with simple assault/threat to do violence, battery, burglary of a dwelling (unarmed), petit theft, aggravated assault with a deadly weapon, and resisting an officer without violence, in case number 2021-CF-3421, in the Second Judicial Circuit, Leon County. Ex. A (Probable Cause Affidavit). Respondent explains that "[a]fter being placed on conditional release twice as he did not qualify for inpatient treatment," Petitioner Miles "was involuntarily committed to Florida State Hospital for the purposes of competency restoration so that he may stand trial in his criminal case." ECF No. 26 at 1-2.

In particular, by order on November 30, 2022, the Leon County Circuit Court adjudged Miles incompetent to proceed and placed him on conditional release, finding he suffered from a mental illness, he needed competency restoration training that was available in the community, and he did not meet criteria for an inpatient program. Ex. B (Order Adjudging Defendant Incompetent). On February 9, 2023, the circuit court entered an order to show cause concerning Miles' conditional release after receiving an affidavit of his noncompliance. Ex. C (Order to Show Cause). On February 21, 2023, the circuit court revoked Miles' conditional release, finding he did not meet the criteria for inpatient treatment and again setting forth terms of conditional release, which included outpatient psychiatric care. Ex. D.

By order on July 26, 2023, the circuit court, after reviewing written reports and oral testimony, found Miles posed a risk of significant harm to himself and others and he had failed to comply the terms of his conditional release by routinely missing appointments, making no progress in competency restoration, and refusing to take his medications as required. Ex. E. The court found Miles' "condition has deteriorated to the point where [he] now meets the criteria for commitment to a treatment facility of the Department of Children and Families where inpatient care is required as provided in section 916.13(1), Fla. Stat., and Rule 3.212, Fla. R. Crim. P."

*Id*. Accordingly, the court revoked Miles' conditional release and committed him to the Department of Children and Families to be placed in a mental health treatment facility. *Id*.

On or about September 21, 2023, Miles filed a petition for writ of habeas corpus in the state circuit court. Ex. F. (This appears to be the same filing he sent to this Court, used to open this federal habeas case. *Compare* Ex. F *with* ECF No. 1.) On October 24, 2023, the state circuit court denied the petition. Ex. G. It does not appear that Miles sought additional review in state court.

On November 2, 2023, a 60-day Update was filed in the state circuit court, recommending Miles' continued commitment at Florida State Hospital. Ex. H (filed under seal). On May 8, 2024, a competency evaluation submitted to the circuit court recommended Miles be released from Florida State Hospital as he now appeared competent to proceed pursuant to section 916.12, Florida Statutes. Ex. I (filed under seal).

On May 22, 2024, Miles' attorney filed a motion for pretrial release, Ex. M, which the circuit court granted that same day, Ex. N, releasing Miles on pretrial release. A mental health hearing took place in the circuit court on May 29, 2024. Ex. K. A review of the circuit court docket for Miles' case reveals, on July 9, 2024, the court entered an order finding him competent

to proceed.  *See* https://cvweb.leonclerk.com/public/online_services.  Thus, the criminal case in the state circuit court appears to be proceeding.

As indicated above, Miles initiated this case with a filing dated September 21, 2023.  ECF No. 1.  After direction from this Court, he filed an amended § 2254 petition December 20, 2023.  ECF No. 5.  In his amended petition, he raises four grounds, the first three of which appear to challenge the facts underlying the charges in his state case:

(1) "I am the victim of the crimes in question.  I was beaten at gun point and was assaulted first."  *Id*. at 9;

(2) "Adam Ellington never witnessed the incident.  Adam Ellington perjured his statements and lied about facts of arrest."  *Id*. at 11;

(3) "The bolt cutters used for self defense on another neighbor's property when Heath attacked a second time were stolen from me."  *Id*. at 13;

(4) "Florida State Hospital is requiring me to take medications that I do not need or else I will have to remain a patient."  *Id*. at 15.

As relief, he seeks "$10,000,000 United States Dollars for damages because [his] constitutional rights have been violated" as well as the standard language requesting "any other relief to which [he] is entitled."  *Id*. at 19.

Respondent has filed a response and motion to dismiss.  ECF No. 26.  Respondent also filed exhibits, including two exhibits filed under seal.  *See*

ECF Nos. 26, 28, 30.  Petitioner Miles has not filed a reply, although given the opportunity to do so.  *See* ECF No. 25.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus.  Habeas relief may be granted only if remedies have been exhausted.  *See* 28 U.S.C. § 2254(b).  A habeas petitioner has not exhausted remedies if he still has the right to raise the issue in state court.  *See id.*; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999).  To properly exhaust state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Boerckel, 526 U.S. at 845.   In this case, as Respondent asserts, Miles did not exhaust state remedies because he did not seek appellate review of the state trial court orders.  *See* ECF No. 26 at 6.

Moreover, as Respondent also points out, Miles is now on pretrial release, as of May 22, 2024, by order of the state circuit court. Ex. N.  This appears to render his habeas petition moot, to the extent he challenges his confinement at the Florida State Hospital.  *See* ECF No. 26 at 8-9.

In addition, as indicated above, by order on July 9, 2024, the state court found Miles competent to proceed.  Thus, the state court criminal

proceedings are ongoing. "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A state pre-trial detainee generally must exhaust all available state remedies before filing a § 2241 petition. *See* Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding petitioner, a pre-trial detainee, exhausted all available state court remedies for consideration of constitutional claim); United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining that "federal courts . . . may require, as a matter of comity, that such [state pretrial] detainees exhaust all avenues of state relief before seeking the writ"). Federal habeas relief may only be granted if state remedies have been exhausted. *See* Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'"); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the

exhaustion requirement must be fulfilled."). Even if this Court considers this petition as one filed pursuant to § 2241, as indicated above, Miles has not exhausted his state court remedies.

In addition, pursuant to the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), federal courts will not interfere with pending state criminal proceedings absent the existence of very narrow circumstances. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '<u>Younger</u> abstention hurdles' before the federal courts can grant such relief." <u>Hughes v. Att'y Gen. of Fla.</u>, 377 F.3d 1258, 1262 (11th Cir. 2004). In <u>Younger</u>, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 364 (1989) (citing <u>Younger</u>); *see* <u>Hughes</u>, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state forum exists in which to raise the constitutional issues. <u>Younger</u>, 401 U.S. at 45–49, 53-54; <u>Hughes</u>, 377 F.3d at 1263 n.6.

No <u>Younger</u> exception applies here. Miles does not make a "substantial allegation" showing the state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur. *See* <u>Younger</u>, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief). Further, Florida state courts have adequate and effective procedures for reviewing Miles' claims. Accordingly, if this petition is not moot, this Court should abstain from reaching the merits of Miles' claims regarding his pending criminal charges. *See, e.g.*, <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 705 (1992) ("<u>Younger</u> itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."); <u>Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs</u>, 405 F.3d 1298, 1315 n. 9 (11th Cir.2005) ("<u>Younger</u> abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions."); <u>Coley v. Clinton</u>, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding that <u>Younger</u>

abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 26, be **GRANTED** and Petitioner's amended § 2254 petition, ECF No. 5, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The

parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 26) be **GRANTED** and the amended § 2254 petition (ECF No. 5) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 22, 2024.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the**

**electronic docket is for the Court's internal use only and does not control**.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**